865 F.2d 269
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HIGHLAND REFORESTATION, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1316.
 United States Court of Appeals, Federal Circuit.
 Dec. 23, 1988.
 
 Before EDWARD S. SMITH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Highland Reforestation (contractor) appeals the decision of the United States Department of Agriculture Board of Contract Appeals (board), AGBCA No. 86-200-1, upholding $27,865.92 in deductions made by the government contracting officer from the amount payable to the contractor under a tree planting contract. Deductions were based on the quantity of wasted trees and incidence of improper planting as established by sample inspections provided for in the contract. We affirm.
 
 OPINION
 
 2
 "[A] decision on any question of fact [made by a board of contract appeals] shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. Sec. 609(b) (1982). The board's decision in this case is supported by substantial evidence. The government introduced both testimonial and documentary evidence, albeit summary, of the deductions made and the reasons for the deductions. At least two inspectors discussed the deficiencies in the contractor's tree planting performance compared with the requirements of the contract.
 
 
 3
 Furthermore, because the contractor did not challenge how these tree inspections were done or the reports of results or compilations of those inspections in the proceeding below, Highland's reliance on the reasoning in Washington Patrol Service, Inc., GSBCA No. 6392, 83-2 BCA p 16,743, is misplaced. In that case the contractor denied in the complaint that a deficiency had occurred and submitted an affidavit that became part of the record and that specifically supported the denial. As a result, summary information regarding the deficiency there was held to not suffice to establish the deficiency. Here, the contractor failed to allege defects in the government's inspections themselves. He merely challenges the form of proof of the results of the inspections. Specifically, he argues that the proof is per se insufficient because the original inspection reports were not put in the record below by the government. Neither were they put into evidence by the contractor, although its counsel conceded in argument before us that he had copies. Because no issue was raised below as to the form of proof, the board did not err in finding the government's summary proof proper and its weight sufficient.
 
 
 4
 Finally, prior to bringing this action the contractor never used the specific procedure set forth in Section E of the contract to challenge such inspections. Pursuant to the contract, reinspection would have been done at the contractor's request and the reinspection results would have been used to determine the appropriate payment to be made, given a more than 5 percent variance between the payment which would be due based on the original inspection as opposed to the reinspection.
 
 
 5
 Accordingly, we affirm.